LEONARD BROTHERS TRANSFER COMPANY, INC., and JOHN E. WITHERS TRANSFER & STORAGE COMPANY, INC., v. JERRY W. CARTER, as Chairman, EUGENE S. MATTHEWS, and W. B. DOUGLASS, jointly and severally composing the Florida Railroad Commission.

172 So. 924.
Opinion Filed February 26, 1937.

*Leo P. Kitchen, & Dan R. Schwartz,* for Relators;
*Theo T. Turnbull* and *Wm. P. Simmons, Jr.,* for Respondents.

DAVIS, J.—Railway Express Agency, Inc., of Miami, Florida, submitted an application to the Railroad Commis-

sion for a permit to conduct business as a "for hire" carrier under Section 5 of Chapter 14764, Acts of 1931. Under that section of the statutes it is provided that: "upon filing of such application for permit the Commission shall issue the same as of course and without notice of public hearing." In this case when the application was filed with the Commission, protest was interposed by interested parties on the ground that the actual operation contemplated under the permit would not constitute "for hire" carriage, but would amount to a common carrier service on the part of the applicant, which was admittedly engaged generally in the business of common carriage of goods for hire. The Railroad Commission held a hearing on the protest for the purpose of arriving at a finding that would advise it in the premises as to the nature and scope of the proposed service. The hearing was had December 29, 1936. No decision on the application having been made by the Railroad Commission, the relators, on January 15, 1937, procured from this Court an alternative writ of mandamus setting forth the status of the controversy. The writ commanded in its alternative that the Railroad Commission forthwith dismiss the application that had been filed by the Railway Express Agency, Inc., of Miami (without prejudice, however, to the rights of said applicant to submit an amended application asking for a certificate of public convenience and necessity for common carriage), or that it show cause why it refused so to do.

For cause of noncompliance with the alternative writ the Railroad Commission has filed a return to the effect that it still has said application under consideration upon the evidence that has been taken concerning it and avers that the Commission should have a reasonable time, without judicial interference, to fully consider the facts adduced at the

hearing, thereby giving it an opportunity to arrive at and announce a proper order in due course of commission procedure.

The command of the writ issued in this case is such that the Commission is not merely called upon by the Court to expeditiously exercise its discretion by making an appropriate order in the pending proceedings within a reasonable time. On the contrary, this Court is by the writ asked to control the particular decision of the Railroad Commission, although the case is still being considered by it, by requiring the Commission to enter at this time on the merits of the pending application, a specific order of dismissal of the character specified in the alternative writ.

We think it was within the statutory power of the Commission to fully investigate and inquire into the protests that had been filed before it challenging the legal right of the Railway Express Agency, Inc., to be awarded a "for hire" carrier certificate under Section 5 of the Act, which section only permits such certificates to be issued without notice or hearing, and as a matter of right, when the provisions of the law and the facts of the particular proposed operation warrant. We think it was likewise within the Railroad Commission's power to tentatively grant the permit upon the applicant's assertion that applicant's proposed operations under it would be in truth and in fact simple "for hire" haulage, and not a common carrier service, and thereupon to enter into an extended detail inquiry as to whether or not the certificate so tentatively granted should be allowed to remain in force under the facts of the operation as disclosed at the Railroad Commission's investigation of it. Such was the procedure followed in this case, which procedure is approved as being within the purview

of the proper administration of Chapter 14764, Acts of 1931, by the Railroad Commission.

While, accepting the facts and averments of the alternative writ to be true, it appears that the respondent Railroad Commissioners have perhaps delayed an unreasonable time their decision in so simple a matter as that presented for their consideration upon the evidence taken on December 29th, last, the object of the alternative writ is not to secure a prompt decision of the controversy by the Commission, but to secure a particular decision of it and that without having before the Court other interested parties whose rights may be adversely affected should the Court undertake to control the Railroad Commission's judgment as to the character of order it should enter.

The answer and return to the alternative writ presents a good and sufficient reply to the alternative writ and is accordingly sustained as a valid defense to the alternative writ of mandamus. Unless issue be taken thereon within five days, said answer and return will be accepted as true and the alternative writ of mandamus quashed. Where an answer and return to an alternative writ of mandamus shows a sufficient justification of non-compliance with the command of the writ as framed and no challenge of the truthfulness of the answer and return is interposed, the proper order is that the answer and return be adjudged sufficient, and that the alternative writ of mandamus be quashed unless issue be joined upon the truth of the answer and return in point of fact. What has been said makes it unnecessary to rule upon the motion to quash the alternative writ filed at the same time as the answer and return, the cause having been submitted for hearing upon both the sufficiency of the answer and the motion to quash the alternative writ of mandamus.

It is ordered accordingly.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, and BUFORD, J. J., concur.