JOHNSON, Judge.
Appellant filed petition for writ of mandamus on December 14, 1965, to force the clerk to file transcript of record. This question is now moot, since the record on appeal has been filed with this Court, December 16, 1965.
Said petition, for mandamus also contained a renewed motion for appointment of competent counsel to represent the petitioner on appeal. It expressly provided that “petitioner will not accept counsel from the office of Public Defender.”
The appeal in this case being from an order of the trial court denying the defendant’s motion to vacate and set aside judgment under Florida Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, it does not constitute a step in a criminal prosecution within the contemplation of the Sixth Amendment, United States Constitu *47 tion, and therefore the defendant, although indigent, is not entitled, as an absolute organic right, to the appointment of counsel in the proceedings sub judice. The defendant specifically stated that he would not accept counsel from the office of Public Defender. Even if the trial court, in the exercise of its discretion, determined that the assistance of counsel was essential to accomplish a fair and thorough presentation of the prisoner’s claim, under the Fifth Amendment to the United States Constitution, the prisoner has no voice in the selection of such counsel. State v. Weeks, 166 So.2d S92, 896, 897 (Fla.Sup.Ct., 1964). For the reasons stated we find no sufficient elements contained in the motion to warrant the appointment of counsel.
Therefore the petition for mandamus is denied in its entirety.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.