WIGGINTON, Judge.
Petitioner seeks review by certiorari of a final judgment rendered by the Circuit 'Court of Alachua County sitting in its appellate capacity. By its judgment the court dismissed petitioner’s appeal from a judgment rendered by the municipal court of the City of Gainesville which found and adjudged petitioner' guilty of violating an ordinance of the city.
*43 Petitioner’s appeal from the municipal court to the circuit court is governed by Part 6 of the Florida Appellate Rules.[1] The rule requires that petitioner file and serve his brief in support of the appeal within thirty days after filing the transcript of record. This date, according to the chronology of pleading filed in the cause, was October 17, 1965.[2] Petitioner’s brief was not filed within the time limited by the rule, nor was any order extending the time for filing the brief either sought or rendered by the court. Despite this, counsel for respondent, in response to oral requests by counsel for petitioner, delayed taking any defensive action in the cause for two successive ten day periods before filing a motion to dismiss the appeal. Upon consideration of this motion, a final judgment was rendered by the circuit court dismissing petitioner’s appeal for failure to file his brief within the time required by the rule. Petitioner filed a petition for rehearing asking that the order of dismissal be set aside, and the merits of the appeal be considered without the necessity of either party filing briefs as permitted by the rule relating to appellate review by circuit courts.[3] The court entered an order denying the petition for rehearing and refusing to set aside its final judgment of dismissal. In this order the court recited that in connection with its consideration of the petition for rehearing it had reviewed the record on appeal in light of the assignments of error and was of the opinion that the record supports the judgment of the municipal court of which review was sought by the appeal.
Petitioner Gay seeks a writ of certiorari by this court quashing the judgment of dismissal rendered by the Circuit Court of Alachua County on the primary ground that the court’s action in dismissing his appeal, and in denying his petition for rehearing, constitutes an arbitrary and capricious abuse of discretion under the facts and circumstances of the case.
The scope of review permitted in common law certiorari proceedings is strictly limited. It may not be used for the purpose of affording a second appeal, nor to produce the merits of the case for review. A common law writ of certiorari issues in the sound judicial discretion of the court, the function of which is to cause the entire record of an inferior court to be brought up in order that it may be determined from the face thereof whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of law. Confined to its legitimate scope, the writ may issue in the court’s discretion to correct the procedure of an inferior court which has failed to observe those requirements of law which are deemed to be essential to the administration of justice.[4]
The question presented for our decision is whether the Circuit Court of Al-achua County, sitting in the exercise of its appellate jurisdiction, departed from the essential requirements of law in dismissing petitioner’s appeal for failure to file his brief within the time limited by the rule, or in denying the petition for rehearing filed by petitioner seeking to have the judg *44 ment of dismissal set aside and the case considered on it merits.
It has been repeatedly held by this and other courts that the rules of appellate procedure are designed to facilitate the orderly disposition of cases on appeal. Ample provision is made for procuring extensions of time within which the necessary appellate steps must be taken, provided good cause is shown and timely application ^ therefor is made. It has likewise been uniformly held that failure of either party .to comply with these rules may, in the discretion of the court, result in the imposition of the penalties prescribed thereby. .The books are replete with numerous in- • stances in which appeals have been dis- ■ missed because of the failure of appellants to file their briefs within the time required by the rules.[5]
In rendering the final judgment of dismissal in the case sub judice the circuit [1] court acted in accordance with accepted principles of law, and we find no basis in the record for holding that its action in ' this regard constitutes a departure from essential requirements of law. Whether the judgment of dismissal should have been set aside and the case considered on its ■ merits without the benefit of briefs of the • parties as permitted by Rule 4.7, F.A.R., rested in the sound judicial discretion of the court Appellant has failed to demonstrate by the record before us that the order denying the petition for rehearing ■ constituted a departure from the essential requirements of law.
By his brief appellant urges as error that part of the order denying his petition for rehearing which recites that the record has been reviewed in light of the assignments of error and the judgment appealed was found to be supported thereby. Since we find no departure from- the essential requirements of law in the judgment dismissing the appeal or in the order denying petition for rehearing, we find it unnecessary to inquire into the correctness of the gratuitous portion of the circuit court’s order relating to the merits.
For the foregoing reasons the writ of certiorari applied for herein is denied.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Rule 6.1, F.A.R., 31 F.S.A.

. Rule 6.11, subd. b, F.A.R.

. Rule 4.7, F.A.R.
“Appellate Review T)y Circuit Courts The Florida Appellate Rules shall govern procedure in the circuit courts in the exercise of their appellate jurisdiction. The circuit court may on motion showing the ‘‘need therefor, after notice and hearing thereon, modify or dispense with any of the steps to be taken after filing of the notice af appeal or the institution of the proceedings for review. Any such order shall prescribe all modifications in the entire proceeding throughout the cause on review. Filing fee for such an appeal or review shall be in the amount prescribed by law.”

.State v. Smith (Fla.App.1960), 118 So. 2d 792. Townsend v. State (Fla.App. 1957), 97 So.2d 712.

. Nitsos v. Carlisle (Fla.App.1958), 104 So.2d 144. Graham v. Thornton (Fla.App.1958), 104 So.2d 95.