WHITE, JOSEPH S., Associate Judge.
Appellant, as relator in the circuit court, has appealed from an order dismissing his petition for alternative writ of mandamus upon a hearing on the petition and respondent’s answer thereto. No testimony was offered at the hearing, the matter having been heard upon petitioner’s motion for the writ, notwithstanding respondent’s answer. Relator’s motion recited “that none of the matters and things recited in said Answer constituted a defense to the Amended Petition for Writ of Mandamus heretofore filed herein.” The effect of this procedure was to admit the truth of matters well pled in the answer. See State ex rel. Bergin v. Dunne, Fla. 1954, 71 So.2d 746.
Relator, claiming to be a taxpayer of the City of Fort Pierce, sought writ of mandamus to compel the city commissioners to *252 rescind and declare void a contract whereby the city had engaged special counsel to represent the city in certain litigation with which the city was faced. The relator contended that the contract was void because of the fact that the regularly employed city attorney was to participate to some degree in fees to be paid by the city for legal services to be rendered in the litigation. In this connection relator points to the provision of the city charter providing that officers and employees of the city “shall not be interested in the profits or emoluments of any contract, work or service for the city, and any such contract in which any member is, or may become interested, shall be declared void by the commission.”
Respondent’s answer, among other things, stated that the contract in question “has been completely executed and fully performed by the Respondent and by David Berger, Esquire [the special attorney]; that the Respondent has paid to David Berger, Esquire, all sums of money due to him for his services, costs and expenses under said contract; that all matters at issue between the litigants in said litigation have been settled and all suits dismissed; that all of the parties to said suits in said litigation have executed and delivered general releases, each to the other. * * * ”
Under these circumstances the following principle stated by the Supreme Court of Florida in County Commissioners of Duval County v. City of Jacksonville, 1895, 36 Fla. 196, 18 So. 339, 29 L.R.A. 416, is applicable: “The writ of mandamus is a discretionary remedy and, while the courts will apply it in proper cases, they often refuse it when it would be attended by no beneficial results. * * * A peremptory writ of mandamus will not usually issue commanding an officer to do what is not within his power to do, and though, by putting it out of his power to perform a duty, he may become liable in damages, still, where he cannot perform the act, and this is clear to the court, mandamus will not be issued against him. This rule has been applied to public officers who have improperly diverted funds in their hands or under their control so that they are unable to comply with some duty in reference to their disposal.”
The question is not before us, and we do not pass upon the obligation of anyone to account for funds under the circumstances involved here.
Affirmed.
WALDEN, C. J., and CROSS, J., concur.