BOYD, Justice.
On November 11, 1971, petitioner filed a letter with this Court seeking a transcript of his trial. He stated that he was insolvent; that an appeal was pending in the District Court of Appeal, Second District, and that his court-appointed attorney had filed an “Anders Brief.” [1] The matter was treated as a petition for writ of mandamus.
On December 16, 1971, this Court wrote a letter of inquiry to the Clerk of the Second District Court of Appeal stating that the Court was withholding action on the petition pending disposition of petitioner’s counsel’s motion to withdraw from the appeal pending in the District Court and requesting notification on the disposition of the counsel’s motion to withdraw.
The Clerk of the District Court of Appeal, in his letter of reply, dated December 23, 1971, stated that the “Anders Brief” had been served on petitioner and he had been allowed thirty days plus two extensions of time within which to file an additional brief; that nothing was submitted by petitioner, that the State’s brief was filed on November 17, 1971, and since oral argument had not been requested, the case was assigned to the Court for consideration and determination on December 8, 1971. The Clerk’s letter goes on to point out that it is the practice of the District Court to hold in abeyance requests to withdraw made by counsel until after a full examination of all the proceedings, giving the indigent an opportunity to raise any points he chooses. Thus, it appears that no formal motion allowing counsel to withdraw is customarily entered in the District Court of Appeal, Second District, until after consideration of the merits of the case, including any additional briefs the indigent may have filed following his counsel’s motion to withdraw.
On March 27, 1972, this Court issued the alternative writ of mandamus directed to the Judges of the District Court of Appeal, Second District, to show cause why they should not “forthwith furnish petitioner the record in this case, using original file or as much as is available.”
The response of the District Court, filed April 10, 1972, states that petitioner has been furnished with a certified copy of the transcript of the record on file in the Court but also states that his appeal had already been disposed of by mandate of the District Court dated January 5, 1972, affirming the order and judgment of the trial court. It, therefore, appears that petitioner has his transcript but not in time for use in connection with his appeal in the District Court. Writ of mandamus is, accordingly, discharged but without prejudice to petitioner’s right to seek a belated appeal under the doctrine of Baggett v. Wainwright, 229 So.2d 239 (Fla.1969).
It is so ordered.
ROBERTS, C. J., and ERVIN, McCAIN and DEKLE, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).