386 So.2d 899 (1980)
Walter FRITZ, Sam Upington and Boyle Engineering Corporation, Petitioners,
v.
NORFLOR CONSTRUCTION COMPANY, Respondent.
No. 80-299.
District Court of Appeal of Florida, Fifth District.
August 20, 1980.
*900 Hugh M. Palmer of Bull & Palmer, Orlando, for petitioners.
Ronald W. Sikes of Welbaum, Zook, Jones & Williams, Orlando, for respondent.
SHARP, Judge.
Walter Fritz and Sam Upington, employees of Boyle Engineering Corporation, and Boyle Engineering Corporation apply to this court for issuance of a writ of certiorari to review the lower court's order and subpoenaes requiring them to produce certain documents prepared by the corporation and currently in its custody. We grant the petition for writ of certiorari because Boyle, Fritz and Upington are not parties to the law suit, and the subpoena and order are not limited to production of documents and Fritz and Upington's possession or control.
Norflor Construction Corporation filed a petition for writ of mandamus pursuant to Chapter 119, Florida Statutes (1979) against the City of Winter Garden to obtain inspection of records concerning the Winter Garden Wastewater Treatment Facility being constructed by Norflor. Section 119.07(1)(a) provides in part:
Every person who has custody of public records shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee.
Norflor claimed the City failed to make available for its inspection all of the records prepared by Boyle Engineering, as the City engineer, pertaining to the treatment facility.
The lower court found that the City failed to make all of the public records pertaining to the treatment plant available to Norflor for inspection. Such documents included: "any correspondence from the Environmental Protection Agency, daily diaries, photographs, estimates of project costs, design calculations, design documents, daily reports, monthly reports to the Environmental Protection Agency, inter-office memoranda regarding the subject property and any other such memoranda just to the file."[1] It also found that Boyle was an "agency"[2] of the city for purposes of these proceedings. Pursuant to the court's judgment the City produced the balance of the requested records in its possession.
In an effort to obtain inspection of records not in the City's possession and control, Norflor served Fritz and Upington with subpoenaes duces tecum requiring them to appeal at depositions and bring with them *901 for inspection an extensive list of records, memoranda, and reports "in the possession of Boyle Engineering Corporation" concerning the treatment facility. Fritz and Upington filed objections on the grounds that they are not parties to the mandamus suit, and they are not the custodians of the Boyle Engineering documents listed in the subpoenaes. The court then ordered Fritz and Upington to submit to the depositions and to produce the listed documents. Dorothy Russell, a secretary employed by Boyle Engineering, was also served with a similar subpoena duces tecum.
We have certiorari jurisdiction because Fritz and Upington are not parties to the mandamus proceeding, and they have no method of relief available to them through appeal. In requiring Fritz and Upington to produce records and documents of Boyle Engineering, which are not in their possession or under their control, the lower court's order departed from the essential requirements of law. In Re Dahl's Estate, 125 So.2d 332 (Fla.2d DCA 1960); Gay v. City of Gainesville, 186 So.2d 41 (Fla. 1st DCA 1966); Ormond Beach First National Bank v. Montgomery Roofing Company, 189 So.2d 239 (Fla. 1st DCA 1966), cert. denied 200 So.2d 813 (Fla. 1967). The order and subpoena should only require production of documents which the deponent has in his possession, or which are under his control and supervision.
The petitioners also contend that the order and subpoena depart from the essential requirements of law because Norflor is seeking to enforce its rights against persons who are not parties to the mandamus action. Because the petitioner successfully established a right to inspect public documents in the possession of the City of Winter Garden does not subject the rest of the populace of Orange County to compulsory disclosure of records under Chapter 119. We agree with the lower court's determination that Boyle is an "agency" under section 119.011(2) insofar as it performed services for the City as the City Engineer, relating to the treatment plant. It could therefore be required to disclose any "public records" it may have in a proper proceeding. Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980). However, Norflor should first request Boyle to allow it to inspect the records.[3] If Boyle refuses, then, Boyle could be made a party to the mandamus suit, or a new petition could be filed against it. In such a proceeding, Boyle should be permitted to challenge whether or not the matters and records sought constitute "public records", or whether some items are "preliminary materials" and thus not subject to forced disclosure under Ch. 119.
To be contrasted with `public records' are materials prepared as drafts or notes, which constitute mere precursors of governmental `records' and are not, in themselves, intended as final evidence of the knowledge to be recorded. Matters which obviously would not be public records are rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation. Inter-office memoranda and intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not a part of an agency's later, formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business.
379 So.2d at 640.
As the Supreme Court points out in the Shevin case, it may be necessary to determine the nature of the material which falls in the middle of the "public" versus "nonpublic" records spectrum on a "case by case" basis, after an in camera inspection by the circuit judge.
In the context of a proceeding naming Boyle as a party, Boyle's rights and those of its employees can be properly dealt with. The finding that Boyle is an "agency" within the meaning of Chapter 119, and thus subject to the disclosure act, does not dispense *902 with the necessity to treat Boyle as a separate and distinct party to the mandamus proceeding. See State ex rel. Boulevard Mortgage Company v. Thompson, 113 Fla. 419, 151 So. 704 (1933); Leonard Bros. Transfer & Storage Co. v. Carter, 127 Fla. 198, 172 So. 924 (1937); State ex rel. Franklin County v. Lee, 137 Fla. 658, 188 So. 775 (1939).
REVERSED and REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Chapter 119, defines "public records" as: "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." § 119.011(1), Fla. Stat. (1979).
[2] "Agency" is defined as: "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency." § 119.011(2), Fla. Stat. (1979).
[3] § 119.07, Fla. Stat. (1979).