396 So.2d 865 (1981)
The CITY OF WINTER GARDEN, a Municipal Corporation of the State of Florida, Appellant,
v.
NORFLOR CONSTRUCTION CORPORATION, a Florida Corporation, Appellee.
No. 80-346.
District Court of Appeal of Florida, Fifth District.
April 15, 1981.
*866 William E. Gnass, of Hadley, Gnass & McNabb, P.A., Winter Garden, for appellant.
Ronald W. Sikes, and Welbaum, Zook, Jones & Williams, Orlando, for appellee.
COWART, Judge.
Appellee, Norflor Construction Corporation, agreed to construct a city waste water treatment plant for appellant, the City of Winter Garden. Both the city and the city's project engineer, Boyle Engineering Corp., had possession of records relating to the plant construction. When a dispute arose between the appellant city and the appellee construction company, appellee made a demand on the city to inspect all public records of the city relating to the plant construction. Appellee was shown and inspected certain city records at the city hall. Appellee demanded that the city produce further records including the records in possession of Boyle and, not receiving them, petitioned the circuit court, which issued an alternative writ of mandamus ordering the city to produce all public records relating to the construction project, including those in possession of Boyle. Boyle was not made a party to this proceeding. On January 10, 1980, the city produced all other records in its possession but not those in possession of Boyle. After a hearing the trial court rendered a final judgment granting a peremptory writ of mandamus and entering an award of attorney's fees against appellant. The city appeals.
After rendition of the final judgment appellee caused subpoenas duces tecum to be issued and served upon Boyle Engineering Corp. and its employees Fritz and Upington, who successfully petitioned this court for a writ of certiorari quashing the subpoenas because they were not parties to the mandamus proceeding. Fritz v. Norflor Const. Co., 386 So.2d 899 (Fla. 5th DCA 1980). Fritz directs the disposition of this appeal.
Mandamus is an extraordinary writ and discretionary remedy and should not be granted when it will achieve no beneficial result such as when the act sought to be compelled has been performed. See, e.g., Scarborough v. State, 262 So.2d 674 (Fla. 1972); Johnson v. Prosecuting Attorney for the Court of Record, 233 So.2d 377 (Fla. 1970); State ex rel. Lloyd v. City of Ft. *867 Pierce, 206 So.2d 251 (Fla. 4th DCA 1968); Phillips v. State, 182 So.2d 46 (Fla. 1st DCA 1966); State ex rel. Mann v. Burns, 109 So.2d 195 (Fla. 1st DCA 1959).
Although mandamus actions against municipal and private corporations have been permitted, writs of mandamus are essentially personal actions directed to particular persons in their official capacity for the purpose of compelling recalcitrant officials to perform clear legal duties.[1] This conceptual theory suggests that the original mandamus action would have more appropriately been brought against the persons having actual custody of the desired records. In this case that would have led to naming as respondents the city manager and Fritz and Upington or other individual employees of Boyle having actual possession of the desired records. Section 119.011(2), Florida Statutes (1979), defining "agency" is consistent with this theory. Service of process on the particular persons required to perform the duty gives them a right to be heard, subjects them to the jurisdiction of the court, and facilitates enforcement of the court's authority. In this case such adherence to theory would have eliminated the need for the review in Fritz and, perhaps, for this appeal.
Since neither Boyle nor its employees were parties to the mandamus proceeding both the alternative and peremptory writs erroneously related to records in Boyle's possession. Fritz. The city produced all relevant records in its possession forthwith when served with the alternative writ. Therefore the peremptory writ was unnecessary and should not have issued.
The award of attorney's fees against appellant under section 119.12, Florida Statutes (1979), should not include payment for services incurred in appellee's efforts in this cause to obtain records in Boyle's possession but should be limited to reasonable attorney's fees for necessary legal services performed leading to the full production on January 10, 1979, of all relevant public records in the possession of the city and should not include payment for legal services rendered thereafter in the trial court or on appeal. This cause is remanded for reassessment of attorney's fees, the peremptory writ of mandamus is quashed and the final judgment is
REVERSED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] See generally Goodrich & Cone, Mandamus in Florida, 4 U.Fla.L.Rev. 535 (1951).