The Honorable Wallace E. Orr Secretary, Department of Labor and Employment Security
QUESTIONS:
1. Is a private nonprofit organization which is 100 percent `CETA' funded by the Division of Employment and Training of the Department of Labor and Employment Security an `agency' as defined in s. 119.011(2), and thus subject to ch. 119, F.S.?
2. If a private nonprofit organization is partially funded with `CETA' funds, is such an organization an `agency' for purposes of ch. 119, F.S.?
SUMMARY:
Unless and until legislatively or judicially determined otherwise, private nonprofit organizations, which are under contract with the Department of Labor and Employment Security, Division of Employment and Training, pursuant to s. 450.55, F.S., as part of the state's implementation of the `Comprehensive Employment and Training Act Amendments of 1978,' are, whether partially or totally funded by `CETA' funds, `agencies' within the meaning of s. 119.011(2), and thus subject to the Public Records Law, insofar as state law is concerned.
Since your questions are interrelated, they will be discussed together.
Your inquiry notes that the Department of Labor and Employment Security, Division of Employment and Training, is responsible for the funding of grants and administration of contracts under the `State Employment and Training Act,' part V, ch. 450, F.S. See s. 450.55. Your letter also notes that nonprofit private community based organizations are among the groups funded, and that often the `CETA' grant is the sole source of funding. (`CETA' refers to the federal Comprehensive Employment and Training Act Amendments of 1978, and regulations adopted pursuant to that act. See s. 450.51(1), F.S., and 29 U.S.C. § 801, et seq., as amended in 1978.)
You state that recently one such organization became aware, through an audit which the organization itself sponsored, that there is a possibility that one of its fiscal officers has been misappropriating `CETA' funds. Information regarding the matter has been placed in the personnel file of the suspected employee. The Division has been asked whether the personnel files of the contracting organization are open to the public, and thus you have requested my opinion in this matter. Section 119.011(1), F.S., defines `public records' as:
 [A]ll documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. (Emphasis supplied.)
And, s. 119.011(2), F.S., defines `agency' for purposes of ch. 119 as:
 [A]ny state, county, district authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency. (Emphasis supplied.)
Thus, public or private entities or program operators acting onbehalf of or contracting with your department under `CETA', pursuant to part V, of ch. 450, F.S., are `agencies' for purposes of the Public Records Law. See also Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., et al., 379 So.2d 633, 640
(Fla. 1979) (holding that materials made or received by a consultant in the course of his contract with a public agency, that were intended to formalize the information contained in them, constituted public records within the meaning of ch. 119, F.S.). I also note that while the above described organizations are, whether totally or partially support by `CETA' funds, `agencies' within the meaning of s. 119.011(2), the application of ch. 119 to those agencies only partially funded by such funds would appear to be limited to materials made or received by a program operator inthe course of its contract with the Division of Employment and Training. See Shevin v. Byron, Harless, supra, 379 So.2d at 640.Cf. Schwartzman v. Merritt Island Vol. Fire Department,352 So.2d 1230 (4 D.C.A. Fla., 1978) (holding that records of a nonprofit, volunteer fire department, funded only in part with public money, were public records within ch. 119), and AGO 080-21. See also
Fritz v. Norflor Construction Co., 386 So.2d 899 at 901 (5 D.C.A. Fla., 1980) (holding that an engineering firm was an `agency' under s. 119.011(2) insofar as it performed services for a city as city engineer).
In regard to any exemption of such records from the requirements of ch. 119, F.S., the Florida Supreme Court held in Wait v. Florida Power and Light Co., 372 So.2d 420, 424 (Fla. 1979), that `only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law' are exempt from public disclosure. Thus, all records made or received in connection with official business, in the course of a contract with or when acting on behalf of a public agency, such as the Department of Labor and Employment Security, are public records within the meaning of ch. 119, unless the Legislature has enacted an exemption for such records. This same rule applies to personnel records. See AGO 080-92; Florida Open Government Laws Manual, pp. 36-37. My research has not revealed any provision in general law, including part V of ch. 450 (nor have you drawn to my attention any special law), which purports to exempt the above-described records of organizations contracting with the Division of Employment and Training under `CETA' from ch. 119. Thus, in light of Wait, supra, I must conclude that insofar as state law is concerned, such records are subject to the Public Records Law.
Additionally, you have not brought to my attention nor has my research revealed any provision of 29 U.S.C. ss. 801-999, as amended in 1978, which purports to exempt such records from a state public records law, or which clearly establishes lishes such records as confidential. See 29 U.S.C. § 835. That statute makes no provision for staff personnel records to be exempt from public inspection. Note also 41 C.F.R. s. 29-70.203b-3(a) and (b), which provide in pertinent part:
Records available to the public.
 (a) Each recipient shall retain and make available to the public the following records:
 (2) Financial records relating to public service employment programs, and records of the names, addresses, positions, and salaries of all persons employed in public service jobs (CETA, § 122(g)).
 (b) Pursuant to s. 29-70.203-6(b)(2), the recipient (except for records identified in s. 29-70.203b-3(a)(2)) shall observe the following policy regarding confidentiality of personal records maintained for a project under a DOL grant or agreement involving other than public service employment:
 (2) The names of all individuals employed by the recipient in staff positions under the project are considered public information. A recipient shall make other information on these employees available to the public in the same manner and to the same extent that such information is made available on its employees not involved in the federally supported activity. (Emphasis supplied.)
But cf. s. 29-70.203b-3(b)(1), and see also s. 29-70.203-6(b)(1) and (2).
However, I must note that any legal determination as to whether his or any other provision of federal law exempts such records from ch. 119, F.S., by virtue of preemption, is a matter which must ultimately by considered and passed on by the federal agency charged with the administration of the `Comprehensive Employment and Training Act Amendments of 1978,' or by the federal courts, rather than by this office. But, I must point out that this office has taken the position that records subject to ch. 119 may be kept confidential only when there is an absolute conflict between state and federal disclosure provisions. AGO 080-31; AGO 074-372; AGO 073-278; State ex rel. Cummer v. Pace, 159 So. 679 (Fla. 1935).
Prepared by: Anne Curtis Terry, Assistant Attorney General