The Honorable James T. Russell State Attorney Sixth Judicial Circuit of Florida Court House Clearwater, Florida 33516
Dear Mr. Russell:
This is in response to your request for an opinion on substantially the following question:
 IS THE GOVERNMENT IN THE SUNSHINE LAW APPLICABLE TO MEETINGS OF THE LEALMAN VOLUNTEER FIRE COMPANY, INC., A PRIVATE NONPROFIT CORPORATION, PROVIDING FIRE PROTECTION SERVICES TO THE LEALMAN FIRE CONTROL DISTRICT?
According to your letter, the Lealman Volunteer Fire Company, Inc., is a nonprofit corporation chartered by the State of Florida. The purpose of the corporation is to `prevent and control damage or destruction of property and loss of life due to fire, to supply fire protection . . . as well as fire prevention, to all persons in the Lealman Special Fire Control District, and to make available Advanced Life Support to all in the district.' Section 1, Art. II, Amended Art. of Incorp. The affairs of the corporation are conducted by a board of directors who are elected by the members of the organization. You state that the Lealman Volunteer Fire Company, Inc., is geographically coextensive with the Lealman Fire Control District, created by the Pinellas County Board of County Commissioners and subject to the administration of the Pinellas County Fire Protection Authority, which was created by Ch. 73-600, Laws of Florida.
You further state that the operating budget of the volunteer fire company is approved and funded by the county fire protection authority. You therefore inquire as to whether the volunteer fire company is subject to the Government in the Sunshine Law.
Section 286.011, F.S., Florida's Government in the Sunshine Law provides in pertinent part:
 All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times . . . .
In Times Publishing Company v. Williams, 222 So.2d 470 (2 D.C.A. Fla., 1969), the court expressed the view that the Legislature intended the Sunshine Law to apply to `every board or commission . . . over which [the Legislature] has dominion and control.' Seealso, City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). Thus s 286.011, F.S., is not applicable to private organizations which are not state or local governmental agencies or subject to the control of the Legislature or which do not serve in an advisory capacity to such state or local governmental agencies.
This office has previously stated that the receipt of public funds by a private nonprofit corporation does not, in and of itself, subject such an organization to the requirements of s 286.011, F.S. See e.g., AGO 074-22. And see, AGO 078-161, in which this office stated that the receipt of public funds by a private nonprofit corporation under contract with a public agency did not subject the corporation to s 286.011. Moreover, in the same opinion this office concluded that the contract between the private nonprofit corporation and a district mental health board in which the private corporation agreed to provide mental health services as authorized and contemplated by Part IV, Ch. 394, F.S., did not in itself constitute a delegation of the district board's governmental or legislative powers to the private organization and therefore the private nonprofit corporation was not, by virtue of its contractual relationship with the mental health board, subject to the Sunshine Law. See also, AGO 078-24 (meetings of nonprofit hospital corporation not subject to s 286.011 by virtue of lease agreement between private corporation and public agency); AGO 076-194 (Orlando-Orange County Industrial Board, Inc., not subject to the Sunshine Law although the organization received public funds and a county commissioner and a member of the city council served as ex officio members of its board of directors).
Chapter 73-600, Laws of Florida, created the Pinellas County Fire Protection Authority as a county wide authority empowered to establish and implement a permanent plan of fire protection for the county. You state, however, that `there is no indication that the Volunteer Fire Company meetings of its board and general members as provided by its Charter are undertaken at the delegation or direction of either the County Commission or the fire protection authority.' The volunteer fire company is not a state or local governmental agency nor can I conclude that the submission of a budget to the fire protection agency in order to receive public funds is sufficient in and of itself to subject the private organization to the requirements of $286.011. While it is clear that public agencies may not conduct the public's business in secret through the use of an `alter ego,' see, IDS Properties, Inc. v. Town of Palm Beach, 279 So.2d 353 (4 D.C.A. Fla., 1973), holding that there is no `government by delegation' exception to the Sunshine Law, and Town of Palm Beach v. Gradison,296 So.2d 473 (Fla. 1974); no evidence showing any delegation of the governmental or legislative duties of the fire protection authority to the volunteer fire company has been presented to this office. An agreement between the volunteer fire company, a private nonprofit corporation, and the county fire protection authority whereby the corporation agrees to provide fire protection services as authorized and contemplated by Ch. 73-600, Laws of Florida, does not in and of itself constitute a delegation of the authority's governmental or legislative powers to the private organization. In addition, no evidence has been presented to this office that the use of the volunteer fire company by the county fire protection authority to provide fire protection is a device to circumvent or frustrate the Sunshine Law. Cf., Town of Palm Beach v. Gradison, supra, stating that the Sunshine Law should be `construed to frustrate all evasive devices.'
I am therefore of the opinion, until and unless judicially or legislatively declared otherwise, that based upon the information presented to this office, the Lealman Volunteer Fire Company, Inc., is not subject to s 286.011, F.S. In reaching this conclusion, I am not unmindful of the decision of the Fourth District Court of Appeal in Schwartzman v. Merritt Island Volunteer Fire Department, 352 So.2d 1230 (4 D.C.A. Fla., 1978), in which the court held that a volunteer fire department was subject to the Public Records Law, Ch. 119, F.S. Cf., Fritz v. Norflor Const. Co., 386 So.2d 899 (5 D.C.A. Fla., 1980). However, the test for determining the applicability of Ch. 119 differs from that of s 286.011. The records of any entity, public or private, acting on behalf of a public agency are subject to Ch. 119. Section 286.011 is applicable only to those collegial bodies which are subject to the `dominion and control' of the Legislature. A private corporation which performs services for a public agency and receives compensation therefor is not by virtue of this relationship alone subject to the requirements of s 286.011
provided that the public agency's governmental or legislative functions have not been delegated to it.
Accordingly, I am of the opinion that the fact that a volunteer fire company, a private nonprofit corporation, submits its budget to a county fire protection authority in order to receive public funds for providing fire protection services to a county fire control district does not, by itself, subject the private corporation to the Government in the Sunshine Law provided that no governmental or legislative functions of the public body have been delegated to the nonprofit corporation.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General