## STATE OF FLORIDA ex rel. FLORIDA PUBLISHING COMPANY v KINARD, etc., et al.

### Case No. 85-16472-CA

Fourth Judicial Circuit, Duval County

December 12, 1985

**APPEARANCES OF COUNSEL**

**Harold B. Wahl** and **Mitchel E. Woodlief** for plaintiff/petitioner.
**Lacy Mahon** and **Roger J. Waybright** for defendants/respondents.

**OPINION OF THE COURT**

LAWRENCE D. FAY, Circuit Judge.

*ORDER ON AMENDED PETITION FOR WRIT OF
MANDAMUS*

This cause coming on to be heard after due notice on Amended Petition for Writ of Mandamus filed by Florida Publishing Company to review and photocopy all correspondence, contracts, memoranda and records relating to the retention of subcontractors to assist with design and engineering services on the Jacksonville Riverwalk project by Perkins & Partners Architects-Planners; and

Harold B. Wahl and Mitchel E. Woodlief, Esq., appearing for the Petitioner, Gerald A. Schneider and Roger J. Waybright, Esq. appearing for Respondents, Goldbold and Kinard, and Lacy Mahon, Jr., Esq. appearing for Respondent, Perkins;

And the Court having heard evidence and argument of counsel;

Upon consideration, the Court finds:

1. The records sought by Petitioner are public records within the intent and meaning of Section 119.011 of the Florida Public Records Act. See *The Tribune Co. v. Canella* (1984) 458 So.2d 1075; *Florida ex rel. Times Publishing v. Pinellas County (1981) 7 M.L.R. 1091 (CC Pinellas); Shevin v. Byron, Harless, etc.*, (Fla. 1980) 379 So.2d 633.

2. Perkins & Partners Architects-Planners (hereinafter referred to as "Perkins"), is designated as the City of Jacksonville's professional representative on the project in question, namely the Southbank Riverwalk. Under the contract dated August 4, 1982, the Respondent Perkins is required to report to the City of Jacksonville concerning details of the project. Perkins is required to maintain books and records and to make those available for inspection and audit. The contract also requires that Perkins comply with the public records law of Florida, Chapter 119, Florida Statutes.

3. For the purpose of the public records law, Perkins meets the definition of an "agency" and is, therefore, directly amenable to all the provisions of Chapter 119, Florida Statutes. See particularly F.S. 119.011(2). Perkins acts on behalf of the City.

4. The City of Jacksonville has attempted to comply with the request of the Florida Publishing Company to produce the records relating to the retention of subcontractors to assist with the design and engineering services on the Jacksonville Riverwalk project by Perkins. Those records are in the custody of the Respondent Perkins, who is required, under the terms of his contract to produce those records for the City.

5. Perkins has steadfastly refused to comply with this mandatory provision of the contract and has thwarted the efforts of both the City and the Florida Publishing Company to inspect those public records.

6. Perkins as an "agency" of the City, within the intent and meaning of Chapter 119, F.S. (see particularly F.S. 119.011(2)), is required to comply with that law, whether or not the City first requests those records. Perkins is subject of mandamus action and must produce those records upon proper request, which proper request has been made.

7. The demand for the records in question has been orally made

upon Perkins by the City on numerous occasions and also in writing. By letter dated September 30, 1984 from Mr. Nodland (assistant to Respondent Kinard) to Perkins, those records were requested on behalf of the Petitioner, and a copy of the letter from Florida Publishing Company staff writer, Dave Roman, to Respondent, Kinard, dated September 20, 1985 was enclosed. All contact with Perkins & Partners Architects-Planners has been with Robert H. Perkins who signed the contract dated August 4, 1982, and the amendments thereto on behalf of that entity.

8. The Court rejects respondent's argument that the case of *Parsons v. Metropolitan Dade County, et al.*, 420 So.2d 343, is applicable in this case. In *Parsons* the contractor had a "turn key" contract for the construction of a facility where the county had not yet taken title. The contract was *not* "acting on behalf of" the county under section 119.011(2) Florida Statutes but was building a facility on its own to be sold to the county upon substantial completion.

Perkins' position is more akin to that described in *Fritz v. Naflor*, 386 So.2d 899, and *Shevin v. Byron, Harless, Schaffer, etc.*, 379 So.2d 633 (Fla. 1980).

It is therefore

ORDERED AND ADJUDGED:

1. The Amended Petition of Florida Publishing Company for mandamus is GRANTED as to Respondent Perkins & Partners Architects-Planners.

2. Perkins & Partners Architects-Planners through its chief executive officer or any other officer, agent or employee, shall make available for inspection and copying by Dave Roman, as a representative of Petitioner Florida Publishing Company, or any other representative of that company, all correspondence, contracts, memoranda and records relating to the retention of subcontractors to assist with design and engineering services on the Jacksonville Riverwalk project by Perkins & Partners Architects-Planners. Those subcontractors include, but are not limited to, Bessent, Hammack & Ruckman, Inc.; Reynolds, Smith & Hills Architects Engineers & Planners; Ray, Courson & Associates; M.V. Cummings; and Cashio, Cochran and Torre/Design Consortium and Law Engineering Testing Co. Perkins shall do this on or before 5:00 o'clock P.M., Friday, December 13, 1985, at the office of Perkins at 1206 Hubbard Street, Jacksonville, Florida 32206.

3. The Amended Petition for mandamus is DENIED as to the Respondents Albert J. Kinard, as Director of Public Works and Jake M. Godbold, as Mayor of the consolidated City of Jacksonville.

4. The Court reserves jurisdiction to tax Petitioner's costs, including attorney's fees, under F.S. 119.12.