DOWNEY, Judge.
Charles Parry has filed a notice of appeal directed to an order of the trial court finding it has jurisdiction over appellant and requiring him to appear for a continued deposition. Since Charles Parry *282 is not a party to the suit, not having been served with process nor has he appeared voluntarily, it appears that jurisdiction of this court should be invoked by petition for writ of certiorari rather than notice of appeal. Fritz v. Norflor Construction Company, 386 So.2d 899 (Fla. 5th DCA 1980). Accordingly, we will treat the notice of appeal as a petition for certiorari.
This litigation was commenced by Margaret St. Gaudens for an accounting against Pamela Parry. The trial court appointed Douglas Wendell as a curator to protect the assets of St. Gaudens, a woman of advanced years. In the course of prosecuting the case, the curator served upon Charles Parry a notice of deposition and a subpoena duces tecum to produce certain designated documents. At the appointed time, Charles Parry appeared with certain documents that he delivered to counsel for the curator. However, all of the documents desired were not delivered because Parry testified some of the designated documents were in the possession and control of other persons and institutions. The deposition concluded with the curator’s counsel advising Parry he would not seek relief from the court by way of contempt if Parry would try to obtain the additional documents and submit to a continuation of the deposition upon notice. Parry agreed to do so as he was anxious to get the matter concluded. In view of that arrangement, other counsel withheld any interrogation of the witness until the continued deposition.
Thereafter, this court, in a non-final appeal, held the appointment of a curator by the circuit court in Palm Beach County was defective as St. Gaudens was a resident of Dade County. In any event, Pamela Parry eventually noticed the continuing deposition to proceed but Charles Parry did not appear. Pamela thereupon applied for a rule to show cause against Charles for his nonappearance. That motion was heard by the court, along with a motion for default against Charles Parry for failure to answer a third-party complaint against him. Charles Parry’s defense to both motions was that he had never been served with process in the cause and the court had no personal jurisdiction over him. As regards the deposition, he contended that he had appeared in August, 1987, for the deposition and brought all of the documents in his possession and control; that any jurisdiction that the court had over him by virtue of the subpoena duces tecum for the August, 1987, hearing no longer existed and, thus, the court could not hold him in contempt for failure to appear on simple notice sent to him by Pamela Parry. The trial court denied Pamela’s motion for a default on the third-party claim, but ordered Charles Parry to appear for deposition. The court observed that it had jurisdiction over Charles Parry as a result of the service of the subpoena duces tecum, which had been continued upon the agreement of counsel and Charles Parry. Therefore, the court gave Charles one more opportunity to appear for the continued deposition or be held in contempt.
While it would seem to have been easier to once again subpoena Charles as a non-party witness, we cannot say that the trial court did not have jurisdiction over Charles by virtue of the subpoena duces tecum served upon him for the original deposition hearing. He had been sub-poened, he did appear, the parties agreed to continue it to a further date and Charles agreed to it. Therefore, we believe the trial court’s jurisdiction continued until the deposition was reset and it is not unreasonable to require that he appear again to be deposed. No showing of any prejudice has been made by Charles — he has simply taken the position that the court lost jurisdiction over him by virtue of the subpoena when he appeared and testified he had furnished all the documents he possessed.
In view of the foregoing, we find no departure from the essential requirements of law and deny the petition for writ of certiorari.
ANSTEAD and LETTS, JJ., concur.