FULMER, Judge.
This appeal arises from a discovery dispute in a civil suit brought by Robert Merkle in the Sixth Judicial Circuit against Home Shopping Network, Inc., George Gusler, Edward Vaughn and Larry Krupnick. At issue is a trial court’s order compelling a nonparty to the suit, the State Attorney’s Office for the Fifteenth Judicial Circuit (“SAO”), to produce certain documents pursuant to Merkle’s subpoena duces tecum. We treat this appeal as a petition for writ of certiorari. See Parry v. Parry, 543 So.2d 281 (Fla. 4th DCA 1989); see also Richardson v. Watson, 611 So.2d 1254 (Fla. 2d DCA 1992); Fritz v. Norflor Constr. Co., 386 So.2d 899 (Fla. 5th DCA 1980).
The order we review was entered after a hearing on Merkle’s “Motion for Contempt and for Order Compelling Production Pursuant to Subpoena Duces Tecum Without Deposition.” We have reviewed the record and find no departure from the essential requirements of law in that part of the trial court’s order that compels the production of documents. However, two issues raised merit discussion.
*176 The SAO argues that the trial court’s order also granted the motion for contempt. The SAO contends this was improper because the court failed to adhere •to the procedural requirements for a finding of contempt. The record reflects, however, that the trial court did not make a finding of contempt. In fact, during the hearing, contempt was never discussed. The trial court consistently referred to “the motion to compel” and announced it was granting “the motion to compel.” Nevertheless, to the extent that the trial court’s written order could be construed to hold the SAO in contempt of court, we remand for correction of the written order to conform to the trial court’s oral ruling, which did not include a finding of contempt.
The SAO also challenges an alleged assessment of attorney’s fees and costs. The order under review does not impose fees, and the trial court specifically stated at the hearing that it was taking under advisement Merkle’s request for fees. Thus, this issue is not yet appealable. See McIlveen v. McIlveen, 644 So.2d 612 (Fla. 2d DCA 1994).
Remanded for correction of order; petition for writ of certiorari denied.
BLUE, A.C.J., and CASANUEVA, J„ Concur.